GAGE, *Appellant*, v. VAIL.

**Justices' Courts**: DOCKET ENTRIES: OFFICE. An entry made in the docket of a justice of the peace by a former justice after the expiration of his term of office is a nullity.

*Appeal from Jasper Circuit Court.*—Hon. JOSEPH CRAVENS, Judge.

REVERSED.

*Gage & Shields* and *Smith & Krauthoff* for appellant.

*J. C. Trigg* for respondent.

HENRY, J.—This is an action instituted in the Jasper circuit court on a negotiable promissory note executed by defendant and payable to Jane M. Gabor, for $400, on which defendant paid to the payee $200, who afterward, on the 12th day of November, 1877, assigned it to the plaintiff. The answer to the petition was a general denial, and a special defense, the constituent facts of which are that the defendant executed the note to Mrs. Gabor, at the request of F. Gabor, her husband, in payment for some mineral lands; that in August, 1877, the defendant was summoned as garnishee in an attachment suit instituted by Henry Pollard in a justice's court, against said F. Gabor, and on a trial of said attachment cause Pollard had a judgment against said F. Gabor, and subsequently, on the issues made by defendant's answer to interrogatories propounded to him as garnishee in said suit, a judgment was rendered against this defendant, as garnishee, for $152, which, with costs, aggregating $163.36, he paid, and that since then he had paid plaintiff herein $39.35, leaving a balance due of $1.75 on the note, which, together with all costs accrued in this suit, he had tendered to plaintiff, who refused to receive it; and that, at the time the note was indorsed to plaintiff, he knew that defendant had been

served with a garnishment, as the debtor of F. Gabor, in the said suit of Pollard against F. Gabor, on account of the said note, and that a judgment had been obtained against him. A motion to strike out the answer was overruled, and plaintiff filed a replication denying the facts alleged as a special defense. The defendant had judgment, from which plaintiff has appealed.

The justice by whom the attachment suit and the garnishment were tried, was G. W. Lewis, whose successor was J. M. Cowgill, who testified that he had possession of his predecessor's dockets; that about six weeks after he qualified, he examined said dockets and found no such case as that of Pollard against Vail, garnishee, and no judgment in favor of Pollard against Vail; that the judgment in favor of Pollard against Vail was entered on the docket after the examination made by him, without his knowledge, by some person to him unknown; that the signature of G. W. Lewis to the entry was genuine, but that the body of the entry is in another hand, and the judgment is without date. The fourth instruction asked by plaintiff and refused, to the effect, that on the foregoing facts testified to by Cowgill, if found by the jury, the judgment was of no force, and any payment made by the defendant on an execution issued thereon, afforded no defense to this action, should have been given. The judicial functions of G. W. Lewis ceased when his successor was elected and qualified, and conceding that he made the entry of the judgment on his docket, it was more than six weeks after he had ceased to be a justice of the peace, and the judgment, therefore, has no validity whatever. Without any further notice of the testimony in this cause than to observe that it gives ground for suspicion that each party was trying to get an undue advantage of the other, we shall reverse the judgment and remand the cause. All concur.